*E-Filed 6/28/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 11-2964 RS |
| Plaintiff, | **ORDER OF SUMMARY REMAND** |
| v. | |
| JONATHAN SOMERA, | |
| Defendant. | |

This case was removed from Contra Costa Superior Court where it was pending as an unlawful detainer action against defendant Jonathan Somera, who appears here *in pro se*. Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." In this case, summary remand is appropriate. Somera asserts that removal was proper pursuant to 28 U.S.C. § 1441 on grounds that the complaint presents a federal question, such that it could have originally been filed in this Court under 28 U.S.C. § 1331.

Somera asserts that Wells Fargo's unlawful detainer action "is a claim brought under the Federal Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Procedures Act

1  (RESPA), Truth in Lending Act (TILA), Generally Accepted Accounting Principles (GAAP), [and]
2  the Universal Commercial Code (UCC)" and therefore involves a "federal question."  (Def.'s Notice
3  of Removal 2:21-25.)  Even a cursory glance at the underlying complaint, however, establishes that
4  this is not true—the complaint seeks straightforward application of state law.  It is simply and only a
5  complaint for possession, restitution, and damages under the provisions of California state law
6  applicable to unlawful detainer actions.  Thus, there is no federal question basis for removal.  To the
7  extent Somera may intend to raise defenses to the action based on these federal statutes, whether by
8  way of demurrer or otherwise, that would also not establish a basis for federal court jurisdiction.
9  The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule."
10 *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).[1]  Under
11 that rule, a federal question must be presented by what is or should have been alleged *in the*
12 *complaint.  Id.*  The fact that a federal question may be implicated through matters raised by
13 demurrer or answer, or in a counterclaim is insufficient.  *Id.* at 831.  Accordingly, whatever Somera
14 may intend to allege in response to the complaint does not give rise to removal jurisdiction.
15 Accordingly, this action is hereby remanded to the Contra Costa Superior Court, and the Clerk shall
16 close the file.

Dated:  6/27/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] The rule applies equally to evaluating the existence of federal questions in cases brought initially in this court and in removed cases. *Id.* at n. 2

2

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Jonathan Somera**
1207 Club Court
Richmond, CA 94803

DATED:  6/28/2011

/s/ Chambers Staff
Chambers of Judge Richard Seeborg